# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| STRIKE, LLC<br>　　*Plaintiff*, | §<br>§<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. 4:20-cv-00712 |
| | § | |
| GW RIDGE, LLC; CHRISTOPHER<br>G. WILLIAMS; AND JUSTIN<br>BALLARD,<br>　　*Defendants*. | §<br>§<br>§<br>§ | |

## DEFENDANTS GW RIDGE, LLC, CHRISTOPHER G. WILLIAMS, AND JUSTIN BALLARD'S NOTICE OF REMOVAL

Defendant GW Ridge, LLC, Christopher G. Williams, and Justin Ballard (collectively, "Defendants") file this Notice of Removal under 28 U.S.C. 1446(a).

### I.  INTRODUCTION & BACKGROUND

1.  On February 21, 2020, Plaintiff filed this suit in the 284th Judicial District Court of Montgomery County, Texas bearing Cause Number 20-02-02502 and styled "*Strike, LLC v. GW Ridge, LLC; Christopher G. Williams; and Justin Ballard.*"  *See* Plaintiff's Original Petition, Verified Application for the Issuance of a Temporary Restraining Order, Temporary Injunction, and Permanent Injunction ("Original Petition"), attached as Exhibit A.

2.  In this employment case, Plaintiff alleges Defendants Williams and Ballard breached their contracts with Plaintiff, breached their fiduciary duties and duties of loyalty to Plaintiff, and violated the Texas Uniform Trade Secrets Act ("TUTSA").  Plaintiff alleges GW Ridge, LLC tortiously interfered with existing contracts and aided and abetted Williams' and Ballard's breaches.  Finally, Plaintiff alleges all three Defendants conspired together.

## II.  BASIS FOR REMOVAL

3. This Court has original jurisdiction under 28 U.S.C. § 1332, and removal is proper pursuant to 28 U.S.C. § 1441(b) because there is complete diversity amongst the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**A.  Diversity of Citizenship Exists**

4. Plaintiff Strike, LLC is a limited liability company organized under the laws of the State of Texas, with its principal place of business at 1800 Hughes Landing Boulevard, Suite 500, The Woodlands, Texas 77380.  *See* Original Petition at p. 1.

5. Defendant GW Ridge, LLC is a limited liability company organized under the laws of the State of Delaware, with its principal place of business at 135 Technology Drive, Suite 400, Canonsburg, Pennsylvania 15317.  *Id.* at p. 2.

6. Defendants Christopher Williams and Justin Ballard are citizens of the State of Alabama.  *Id.* at p. 3-4.

7. This complete diversity existed at the time of filing of the state court action and at the time of this removal.

**B.  The Amount in Controversy Exceeds $75,000.00, Exclusive of Interest and Costs**

8. In this employment case, in addition to injunctive relief, Plaintiff also seeks actual damages, disgorgement of profits, attorneys' fees, and punitive damages.  *See* Original Petition ¶¶ 75, 83, 86, 104 and the Prayer.  Defendants reasonably believe Plaintiff has pled damages in excess of the statutory minimum of $75,000.00, excluding interest and costs, for purposes of diversity jurisdiction.  28 U.S.C. §§ 1332(a) and 1441(b).  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("In sum, as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional

threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation."). Accordingly, this action is removable based on diversity jurisdiction.

**C.     All Other Removal Prerequisites Have Been Satisfied**

9.     All Defendants have been properly served and/or received a copy of the initial pleading setting for the claims for relief, and have subsequently consented to removal.[1] Accordingly, Defendants file this notice of removal within the 30-day time period required by 28 § U.S.C. 1446(b)(1).

10.     Defendant GW Ridge, LLC has not sought affirmative relief in this matter

11.     Defendants Williams and Ballard have not requested an adjudication on the merits in this matter and have therefore not waived their right to remove this case to federal court. *See Tedford v. Warner–Lambert Co.*, 327 F.3d 423, 428 (5th Cir. 2003) ("A waiver of the right to remove must be clear and unequivocal; the right to remove is not lost by participating in state court proceedings short of seeking an adjudication on the merits."), *superseded by statute on other grounds, as recognized in Hoyt v. Lane Constr. Corp.*, 927 F.3d 287, 293-94 (5th Cir. 2019).

12.     In *George-Baunchand v. Wells Fargo Home Mortgage, Inc.*, No. H-10-3828, 2010 WL 5173004, at *1, 4 (S.D. Tex. Dec. 14, 2010), Judge Rosenthal concluded that a defendant had not waived its right to removal, even though it had asked the state court to dissolve a TRO—and the state court denied its motion before the defendant removed the case to federal court. Rejecting the plaintiff's waiver argument, the court explained that "[c]ourts have held that such a motion [to dissolve the TRO] does not waive the right to remove." *Id.* at *4 (collecting authorities, including

---

[1] All defendants have consented to removal of this action from the 284th Judicial District Court of Montgomery County, Texas, to the United States District Court for the Southern District of Texas, Houston Division, as evidenced by Exhibits B, C, and D attached hereto.

*Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 428 (5th Cir. 2003)).  Thus all Defendants have justly retained their right to remove this case.

13. Furthermore, even if Williams and Ballard waived their right to remove, which authority shows they have not, the removal statute makes clear that the later-served corporate defendant, GW Ridge, LLC, is still entitled to remove the case, and Williams and Ballard are entitled to consent to that removal.  *See* 28 U.S.C. § 1446(b)(2)(C).

14. Section 1446(b)(2)(B) states that "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons ... to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B).  Subpart (C) states that "[i]f defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal."  *Id.* § 1446(b)(2)(C).

15. Consistent with this language, courts have held that "an earlier-served defendant's litigation conduct does not constitute a waiver of its right to consent to the notice of removal filed by a later-served defendant."  *Eclipse Aesthetics LLC v. Regenlab USA, LLC*, 3:16-CV-1448-M, 2016 WL 4800342, at *4 (N.D. Tex. Sept. 12, 2016) (rejecting contention "that RegenLab USA's consent to RegenLab SA's notice of removal is a nullity because it waived its right to consent by litigation this case in state court"); *see also, e.g.*, *LMN Consulting, Inc. v. DaVincian Healthcare, Inc.*, No. A-18-CV-1085-LY, 2019 WL 2565281, at *3 (W.D. Tex. Mar. 29, 2019) (emphasizing that, under Section 1446(b)(2)(C), "a defendant that waived its own right to remove may consent to removal by a later-served defendant"); *Bisso Marine Co., Inc. v. Techcrane Int'l, LLC*, 2014 WL 4489618, at *2 (E.D. La. Sept. 10, 2014) (applying Section 1446(b)(2)(C) and holding a defendant's participation in state-court litigation did not waive its right to consent to removal by a

later-served defendant). Thus, even if, for argument's sake, Williams and Ballard had waived their removal rights, they are nevertheless entitled to consent to GW Ridge, LLC's removal.

16. Venue for this removal is proper under 28 U.S.C. § 1441 because this district and division embrace the place in which the removed action has been pending.

17. Defendants will promptly give Plaintiff written notice of the filing of this Notice of Removal pursuant to 28 U.S.C. § 1446(d). Defendants will also file the notice of the filing of this Notice of Removal with the District Clerk of the State Court. The Notice of Removal and all of its attachments will be attached to that notice.

18. True and correct copies of all pleadings and process served on Defendants in this action are attached as Exhibit A.

### III. CONCLUSION

19. In accordance with 28 U.S.C. § 1441, Defendants GW Ridge, LLC, Christopher G. Williams, and Justin Ballard may properly remove the state court action to this Court because (1) it is a civil action pending within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division; (2) there is complete diversity amongst the parties; and (3) exclusive of interest and costs, the amount in controversy exceeds $75,000.00. Accordingly, Defendants remove the suit to the Southern District of Texas, Houston Division.

Respectfully submitted,

**BRACEWELL LLP**

By: */s/ Jay Aldis*
    Jay Aldis
    State Bar No. 00785656
    jay.aldis@bracewell.com

    Jordan Kindred
    State Bar No. 24102133
    jordan.kindred@bracewell.com

    711 Louisiana, Suite 2300
    Houston, Texas 77002-2781
    Tel:  (713) 221-1381
    Fax:  (713) 222-3276

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of February, 2020, a true and correct copy of the foregoing was served on all counsel of record via the Court's CM/ECF system.

    */s/ Jay Aldis*
    Jay Aldis

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **STRIKE, LLC** <br> *Plaintiff*, | § § § § | |
| **v.** | § § | CIVIL ACTION NO. 4:20-cv-00712 |
| **GW RIDGE, LLC; CHRISTOPHER G. WILLIAMS; AND JUSTIN BALLARD,** <br> *Defendants*. | § § § § | |

## INDEX OF EXHIBITS TO DEFENDANTS' NOTICE OF REMOVAL

**EXHIBIT**            **DOCUMENT**

Civil Cover Sheet

| | |
|---|---|
| A. | Copy of the State Court Record <br>     284th Judicial District Docket Sheet <br>     Original Petition <br>     Temporary Restraining Order <br>     Plaintiff's Motion for Expedited Discovery <br>     Copy Of Process Request Forms <br>     Defendants Williams and Ballard's Motion to Dissolve Temporary Restraining Order |
| B. | Defendant GW Ridge, LLC's Consent for Removal |
| C. | Defendant Christopher G. Williams' Consent for Removal |
| D. | Defendant Justin Ballard's Consent for Removal |
| E. | A list of all counsel of record, including addresses, telephone numbers and parties represented |